POOLER, *Circuit Judge*:

I write separately to observe that though this decision rests upon perennial principles—in other words, no grand innovation of law undergirds our decision today—the government sought a summary affirmance of the IJ's erroneous decision below and chose to detain Jaen for the entirety of this appellate process.[1] I am troubled by these choices, particularly given the legal question at issue—Is Jaen a U.S. citizen?—whose affirmative answer has resulted in the United States government holding a United States citizen in immigration detention for nearly two years.[2]

---

[1] The Certified Administrative Record ("CAR") reflects the attempt of Jaen's counsel to secure his release through a bond hearing premised on our now-abrogated decision in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015). There is no record of the actual *Lora* bond hearing in the CAR, but it is clear that the IJ denied the request for bond since Jaen was still detained at the time of our order releasing him. The CAR also contains an extensive request to ICE to "exercise reasonable discretion" and release Jaen pending appellate review given his "colorable and developing claim" to U.S. citizenship. CAR at 417. This request appears to have also been denied.

[2] Unfortunately, Jaen's case does not seem to be entirely aberrational. *See, e.g.*, Paige St. John and Joel Rubin, *ICE held an American man in custody for 1, 273 days. He's not the only one who had to prove his citizenship*, L.A. Times, Apr. 27, 2018 (reporting that "[s]ince 2012, ICE has released from its custody more than 1,480 people after investigating their citizenship claims").